SEYFARTH SHAW LLP
Jesse L. Miller (SBN 183229)
jmiller@seyfarth.com
Afshin Najafi (SBN 335582)
anajafi@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
CONTINENTAL CASUALTY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICINE MITCHELL, on behalf of herself and all others similarly situated, | Case No. _____ |
| Plaintiff, | [*San Fran Sup. Ct. Case No. CGC-25-625512*] |
| v. | **DEFENDANT CONTINENTAL CASUALTY COMPANY'S NOTICE OF REMOVAL** |
| CONTINENTAL CASUALTY INSURANCE, an Illinois Corporation; and DOES 1-50 inclusive, | |
| Defendants. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant Continental Casualty Company (erroneously sued as "Continental Casualty Insurance") ("Defendant") hereby removes this civil action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the following grounds:

## I.    BACKGROUND

1.    On May 20, 2025, Plaintiff Bricine Mitchell ("Plaintiff"), filed a class action complaint[1] in the Superior Court of the State of California, County of San Francisco ("State Court"), entitled *Bricine Mitchell v. Continental Casualty Insurance*, Case No. CGC-25-625512 (the "Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A** ("Compl.").

2.    On October 7, 2025, Plaintiff served copies of the Complaint, Summons, Civil Case Cover Sheet, and Case Management Order on Defendant. True and correct copies of the Summons, Civil Case Cover Sheet, and Case Management Order are attached as **Exhibit B**.

3.    **Exhibits A**–**B** constitute all pleadings, process and orders in the State Court action.

Plaintiff's Complaint asserts claims on behalf of herself as well as a putative class, which she defines as "all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD")." Compl., ¶ 5.

4.    Plaintiff alleges that Defendant violated the Business and Professions Code and asserts two causes of action: (1) Violation of Business & Professions Code §§ 16600, 16600.1, and 16600.5, and (2) Unlawful Business Practices in Violation of Business & Professions Code § 17200 *et seq.*

## II.    REMOVAL IS TIMELY.

5.    As noted above, Defendant was served with the Complaint on October 6, 2025. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of

---

[1] Defendant denies, and reserves the right to contest at the appropriate time, that this action can properly proceed as a class action. Defendant further denies Plaintiff's claims and deny that Plaintiff or any putative class member suffered any damages.

1

service. This Notice of Removal is timely because Removing Defendants are filing it within thirty days of October 6, 2025. 28 U.S.C. §§ 1446(b), 1453(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

## III.    VENUE IS PROPER.

6.    This action originally was brought in the Superior Court of the State of California, County of San Francisco, which is located within the Northern District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a).

## IV.    DIVERSITY JURISDICTION EXISTS.

7.    Federal district courts may exercise subject matter jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

8.    For purposes of this rule, diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Ruelaz v. Leprino Foods Co.*, 2025 WL 25549, at *1 (E.D. Cal. Jan. 3, 2025) (*quoting Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Ruelaz*, 2025 WL 25549, at *2.

9.    This Court has original jurisdiction under 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.    *Plaintiff's Citizenship.* Plaintiff is a resident and citizen of California. Compl., ¶ 10.

11.    For diversity jurisdiction purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

12.    *Defendant's Citizenship.* Defendant Continental Casualty Company is an Illinois corporation with its principal place of business in Illinois. Compl., ¶12. Defendant is therefore a citizen of Illinois for diversity purposes.

13.     Accordingly, complete diversity exists between the parties.

**V.     THE AMOUNT OF CONTROVERSY REQUIREMENT IS SATISFIED.**

14.     Though Plaintiff does not allege a specific damages amount, the allegations in her Complaint show the amount in controversy easily exceeds the jurisdictional minimum.

15.     When the complaint does not specify an amount of damages, a removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To meet this burden, the defendant must show it is "more likely than not" that the amount in controversy requirement is satisfied. In assessing the amount in controversy, courts may consider all forms of relief sought, including general and specific damages, statutory or contractual attorneys' fees, and punitive damages. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Notably, the Ninth Circuit has made clear that courts must include anticipated future attorneys' fees recoverable by statute or contract—through trial and resolution—when determining whether the amount in controversy is met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

16.     Plaintiff seeks to recover attorneys' fees. Compl. ¶¶ 37, 43. Attorneys' fees are expressly authorized under Business & Professions Code § 16600.5(b), which provides that a prevailing employee enforcing rights under §§ 16600 or 16600.1 "shall be entitled to recover reasonable attorney's fees and costs." Attorneys' fees may be included in the amount in controversy if they are recoverable by statute or contract, because future attorneys' fees are "at stake" in the litigation. *See Woolsey v. State Farm Gen. Ins. Co.*, 672 F. Supp. 3d 1018, 1027 (C.D. Cal. 2023) (*citing Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). For example, in *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002), the court included a reasonable estimate of attorneys' fees likely to be expended in the amount in controversy, explaining that "[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."

17.     Plaintiff's attorneys' fees alone will eclipse the jurisdictional minimum when reasonably

estimating her counsel's rate over the median lifespan of a civil case in this District.

18.     Plaintiff is represented by attorney Mehrdad Bokhour of Bokhour Law Group, P.C., an experienced California plaintiffs' employment and wage-and-hour class action lawyer who has served as class counsel in multiple representative matters. In a recent Eastern District of California fee order, Mr. Bokhour and co-counsel submitted billing records reflecting partner-level rates as high as $650/hour for him; the court ultimately approved a $400/hour rate for Mr. Bokhour as the reasonable market rate for his experience and practice, and the combined lodestar for a relatively modest amount of work in that case still exceeded **$85,000**. See, Ramirez v. Merrill Gardens, LLC, No. 1:22-CV-00542-SAB, 2024 WL 3011142, at *26 (E.D. Cal. June 11, 2024) (final approval order discussing lodestar cross-check and reducing Bokhour's requested $650/hour rate to $400/hour while accepting his background in employment class and PAGA litigation). That order confirms two critical points for present purposes: (1) Mr. Bokhour himself has recently represented to federal courts that his time should be compensated well above $400/hour; and (2) federal courts in this state have accepted $400/hour as a conservative, market-consistent rate for him in class/representative employment cases.

19.     According to the Federal Court Management Statistics for the Northern District of California, the median time from filing to civil trial is 47.9 months (District Profile, Sept. 30, 2024, available at https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0930.2024.pdf) (last visited November 4, 2025). **Even using the lower, court-approved rate of $400/hour, Plaintiff's counsel would need to record only 188 hours over the course of nearly four years of litigation to reach $75,200 in fees** (188 hrs × $400/hr = $75,200). Spread across 47.9 months, **that is fewer than 4 hours per month**. Given the nature of this case — a putative class action challenging allegedly unlawful noncompete or nonsolicitation clauses and failure to provide the February 14, 2024 notice required by Bus. & Prof. Code § 16600.1 — it is reasonable to expect motion practice (including a likely motion to remand, class-related discovery disputes, and injunctive issues), written discovery, meet-and-confer efforts, and at least one fee-eligible merits motion. It is also reasonable to expect that more than one attorney or timekeeper will work on the matter. Under Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018), the Court must consider all future, reasonably anticipated attorneys' fees recoverable by statute when determining the amount in controversy. Because Plaintiff's counsel has

previously sought partner-level rates above $400/hour, because a federal court has already approved $400/hour for him in a comparable class context, and because only minimal monthly time over the District's 47.9-month median would push attorneys' fees past $75,000, Defendant has shown by a preponderance of the evidence that the amount in controversy is met.

20.    In addition, Plaintiff seeks injunctive relief requiring Defendant to issue individualized notices to all current and former employees and to refrain from including noncompete or nonsolicitation provisions in future agreements. *See generally* Compl. The cost of compliance with such an injunction—including identifying affected employees, preparing and mailing notices, and updating contracting practices—further increases the amount in controversy. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (under the "either viewpoint" rule, the cost to the defendant of complying with an injunction is properly included in the amount in controversy). Even if the value of this relief is measured solely by the cost of compliance to Defendant, the amount in controversy would further exceed $75,000. Defendant employs hundreds of individuals in California, and identifying, reviewing, and contacting each potentially affected employee, preparing compliant notices, and distributing them would require substantial administrative time, legal oversight, and mailing or electronic distribution costs. The Ninth Circuit recognizes that such costs are properly considered in the amount in controversy. *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

## VI.    NOTICE

21.    Pursuant to 28 U.S.C. § 1446(d), In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the San Francisco County Superior Court and serve it on Plaintiff.

22.    By filing this Notice of Removal, Defendant does not waive any defenses, objections, or motions, including challenges to standing or the sufficiency of the Complaint.

## VII.    CONCLUSION

Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present briefing and oral argument in support of its position that this case is subject to removal.

1
2

DATED: November 5, 2025                          Respectfully submitted,

3                                                SEYFARTH SHAW LLP

4

5    By: _____

6                                                Jesse L. Miller
                                                 Afshin Najafi
7
                                                 Attorneys for Defendant
                                                 Continental Casualty Company
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**BOKHOUR LAW GROUP, P.C.**
Mehrdad Bokhour, Esq., CA Bar No. 285256
*mehrdad@bokhourlaw.com*
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (310) 975-1493; Fax: (310) 675-0861

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa, CA Bar No. 295045
*josh@falakassalaw.com*
1901 Avenue of the Stars, Suite 920
Los Angeles, California 90067
Tel: (818) 456-6168; Fax: (888) 505-0868

Attorneys for Plaintiff and the Putative Class

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/20/2025**
**Clerk of the Court**
BY: SAHAR ENAYATI
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BRICINE MITCHELL, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br>   v.<br><br>CONTINENTAL CASUALTY INSURANCE, an Illinois Corporation; and DOES 1-50, inclusive.<br><br>       Defendants. | CASE NO.:    **CGC-25-625512**<br><br>**CLASS ACTION COMPLAINT:**<br><br>(1)  VIOLATION OF BUS. & PROF. CODE §§ 16600, 16600.1, 16600.5; &<br><br>(2)  UNLAWFUL BUSINESS PRACTICES IN VIOLATION OF BUS. & PROF. CODE § 17200 *ET SEQ.*<br><br><br>        <u>**DEMAND FOR JURY TRIAL**</u> |

1    Plaintiff Bricine Mitchell ("Plaintiff"), on behalf of herself and all other similarly situated

2 employees, alleges and complains against Defendant Continental Casualty Insurance ("Defendant")

3 and DOES 1 to 50 (collectively, "Defendants") and each of them, as follows:

4                                            **INTRODUCTION**

5    1.    Defendant is a major commercial property and casualty insurance provider, offering a

6 broad range of commercial insurance products and services to businesses and professionals in the

7 United States, Canada, and Europe.

8    2.    Plaintiff brings this class action lawsuit against Defendant for alleged violations of the

9 California Business and Professions Code.

10    3.    This class action arises from Defendant's unlawful use, enforcement, and/or attempt to

11 enforce a non-compete and/or non-solicitation agreement and other restrictive covenants that are void

12 under California law, and failure to notify current, and former employees, of the void nature of such

13 clauses, in violation of Business & Professions Code §§ 16600, 16600.1, and 16600.5.

14    4.    Effective January 1, 2024, Senate Bill 699 and Assembly Bill 1076 render non-compete

15 and non-solicitation clauses void and unenforceable, regardless of where or when they were signed

16 or where the employment occurred. These laws also require employers to notify employees in writing

17 that such clauses are void, and they create a private right of action with remedies including damages,

18 attorneys' fees, and civil penalties.

19    5.    Based on these alleged Business & Professions violations, Plaintiff now brings this

20 class action and representative action individually and on behalf of similarly situated employees who

21 were subject to such unlawful contracts and deprived of the required statutory notice.

22                                      **JURISDICTION AND VENUE**

23    6.    Plaintiff, on behalf of herself and all other similarly situated employees, hereby brings

24 this class action to seek damages, declaratory relief, and restitution pursuant to California Business

25 and Professions Code § 16600, 16600.1, 16600.5, and 17200, *et seq*.

26    7.    This class action is brought pursuant to California Code of Civil Procedure § 382.

27    8.    This Court has jurisdiction over Defendant's violations of the California Business and

28 Professions Code because the amount in controversy exceeds this Court's jurisdictional minimum.

**CLASS ACTION COMPLAINT**

9.      Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, Defendant operates in California within the County of San Francisco, and Defendant is within the jurisdiction of this Court for purposes of service of process.

## PARTIES

10.     Plaintiff Bricine Mitchell is a resident of California who was employed by Defendant after January 1, 2022.

11.     Defendant presented Plaintiff, and Plaintiff signed non-compete and/or non-solicitation clauses as part of the onboarding process.

12.     Defendant Continental Casualty Insurance is an Illinois Corporation doing business in California.

13.     Plaintiff is informed and believes and alleges that Defendants are authorized to do business within the County of San Francisco and are and/or were the legal employer of Plaintiff and the Class Members during the applicable statutory periods. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein and has been deprived of the rights guaranteed to her by the California Business and Professions Code § 16600, 16600.1, 16600.5, and 17200, *et seq*.

14.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business in the State of California, County of San Francisco.

15.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein and proximately caused Plaintiff and the Class to be subject to the unlawful employment practices alleged herein.

16.     Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Class. At all times

3

**CLASS ACTION COMPLAINT**

herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

17.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Class.

## COMMON FACTUAL ALLEGATIONS

18.     Defendant is a major commercial property and casualty insurance provider. It offers a broad range of commercial insurance products and services to businesses and professionals in the US, Canada, and Europe.

19.     Plaintiff worked for Defendant as an employee with the title of "Underwriting Associate" at Defendant's San Francisco, California location, from November 2022, until her separation from employment on August 18, 2023. Plaintiff, along with other employees (including, but not limited to, Process Technician, Underwriting Associate, Customer Service Representative, Actuary, Claims Adjuster, and Compliance Consultant), were responsible for carrying out Defendant's operations throughout California. Despite their job duties, Plaintiff and other employees were often not afforded the full protections guaranteed under California law, including those set forth in the Business and Professions Code.

20.     At all relevant times, and particularly after January 1, 2022, Defendant required Plaintiff and other employees to sign agreements containing unlawful non-compete/non-solicitation provisions or similar restrictive covenants. These agreements improperly restrained employees from engaging in lawful employment following the termination of their employment, in violation of California Business and Professions Code § 16600.

4

**CLASS ACTION COMPLAINT**

21.     Senate Bill 699, codified at Business and Professions Code § 16600.5, renders any non-compete and non-solicitation agreement void and unenforceable, regardless of where or when it was signed, or whether the employee worked outside of California.

22.     Assembly Bill 1076, codified at Business and Professions Code § 16600.1, imposes a mandatory notice requirement on employers. Specifically, employers must notify all current and former employees who were employed after January 1, 2022, and who were subject to a noncompliant non-compete and non-solicitation clause, that such provisions are void under California law.

23.     This required notice must be individualized, in writing, and delivered to each affected employee's last known physical address and email address on or before February 14, 2024.

24.     Defendant failed to provide the required notice to Plaintiff and other affected employees. Defendant did not send any individualized written communication by mail or email advising employees that the non-compete/non-solicitation clause in their agreements was void and unenforceable.

25.     Defendant's failure to provide the required notice constitutes an independent act of unlawful and unfair competition in violation of Business and Professions Code § 17200. This violation also subjects Defendant to civil penalties of up to $2,500 per violation pursuant to Business and Professions Code § 17206.

26.     Defendant continues to maintain or attempt to enforce these void provisions, thereby chilling employee mobility and violating fundamental California public policies that protect employee freedom to engage in lawful work.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of herself and the following Class pursuant to § 382 of the Code of Civil Procedure:

> All current or former employees who worked for Defendant in California, who were subject to a non-compete/non-solicitation clause or other contract that restrains engagement in a lawful business, profession or trade, in violation of California Business and Professions Code §§ 16600, and who did not receive individualized written notice by February 14, 2024, informing them that such clause/contract was void. ("the Class")

28.     **Numerosity/Ascertainability**: The members of the Class are so numerous that joinder

**CLASS ACTION COMPLAINT**

of all members would be unfeasible and not practicable. The membership of the Class is unknown to Plaintiff at this time; however, it is estimated that the Class consist of at least one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendant's employment and payroll records.

29.   **Common Questions of Law and Fact Predominate/Well-Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

1.   Whether Defendant required employees to enter into non-compete/non-solicitation clauses or contract that restrains engagement in a lawful business, profession or trade;

2.   Whether Defendant failed to provide individualized written notice to Class Members in compliance with Business and Professions Code § 16600.1;

3.   Whether Defendant's failure to provide such notice constitutes unlawful or unfair business practices in violation of Business and Professions Code § 17200; and

4.   Whether Plaintiff and the Class are entitled to restitution, injunctive relief, civil penalties, and attorneys' fees and costs.

30.   **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Defendant's policies and/or practices applicable to each individual class member, such as without limitation, Defendant's failure to comply with California Business & Professions Code by enforcing restrictive agreements, and Defendant's failure to notify the void nature of such covenants. As such, the common questions predominate over individual questions concerning each class member's showing as to his or her eligibility for recovery or the amount of his or her damages.

31.   **Typicality**: The claims of Plaintiff are typical of the claims of the Class because Plaintiff was employed by Defendant as an employee in California after January 1, 2022. As alleged herein, Plaintiff, like the members of the Class, was coerced, and/or attempted to enforce restrictive covenants that are void under California law, and was not notified of the void nature of such clauses.

32.    **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Class. Plaintiff's attorneys have prosecuted and are actively litigating several wage-and-hour and Business & Professions Code class actions in state and federal courts and are committed to vigorously prosecuting this action on behalf of the members of the Class.

33.    **Superiority**: Moreover, requiring each member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendant herein and which would establish potentially incompatible standards of conduct for Defendant; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class need to be sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attending thereto. As such, the Class identified in Paragraph 27 is maintainable as Class under § 382 of the Code of Civil Procedure.

<u>**FIRST CAUSE OF ACTION**</u>

**VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 16600, 16600.1, AND 16600.5**

**(AGAINST ALL DEFENDANTS)**

34.    Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

35.    Defendant unlawfully included, maintained, and/or attempted to enforce restrictive covenants in employment agreements that are void and unenforceable under California Business and Professions Code § 16600.

**CLASS ACTION COMPLAINT**

36.     Defendant further violated Business and Professions Code § 16600.1 by failing to provide individualized, written notice to Plaintiff and other Class Members on or before February 14, 2024, advising them that such restrictive covenants were void under California law.

37.     As a direct and proximate result of Defendant's unlawful conduct as alleged herein, Plaintiff and the Class have suffered harm and are entitled to civil penalties, injunctive relief, attorneys' fees, and costs under Business and Professions Code § 16600.5.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

**(Bus. & Prof. Code § 17200 *et seq.*)**

**(AGAINST ALL DEFENDANTS)**

38.     Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

39.     Defendant has engaged in unlawful and unfair business practices within the meaning of Business and Professions Code § 17200, including but not limited to:

a)      Requiring Plaintiff and other employees to enter into non-compete/non-solicitation clauses and other contracts that seek to restrict the engagement in a lawful trade, business or profession that are void under California law;

b)      Failing to provide the required individualized written notice to Plaintiff and other employees in violation of Business and Professions Code § 16600.1; and

c)      Continuing to maintain or attempt to enforce such unlawful restrictions, thereby chilling employee mobility and violating California public policy;

40.     Assembly Bill 1076, codified at Business and Professions Code § 16600.1, requires employers to notify all current and former employees employed after January 1, 2022, who were subject to unlawful non-compete and non-solicitation clauses, that such clauses are void. The notice must be individualized, in writing, and sent to the employee's last known mailing and email addresses on or before February 14, 2024.

41.     Defendant willfully failed to comply with this mandatory notice requirement. This failure constitutes unlawful and unfair competition under the Unfair Competition Law.

8

**CLASS ACTION COMPLAINT**

42.    Pursuant to Business and Professions Code § 17206, Defendant is subject to civil penalties of up to $2,500 for each violation.

43.    As a result of Defendant's conduct, Plaintiff and the Class seek restitution, civil penalties, injunctive relief to prohibit further enforcement of unlawful employment provisions, attorneys' fees, and costs.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully prays for judgment against Defendant as follow:

1.    For an order certifying the proposed Class;

2.    For an order appointing Plaintiff as the representative of the Class;

3.    For an order appointing Plaintiff's Counsel as Class Counsel;

4.    For an order certifying this matter as a class action pursuant to California Code of Civil Procedure § 382;

5.    On the First Cause of Action, for an award of actual damages, restitution, statutory penalties, attorneys' fees and costs, and all other relief available pursuant to Business and Professions Code §§ 16600, 16600.1, and 16600.5;

6.    On the Second Cause of Action, for an award of civil penalties of up to $2,500 per violation pursuant to Business and Professions Code § 17206;

7.    For preliminary and permanent injunctive relief enjoining Defendant from maintaining, attempting to enforce, or entering into any unlawful contract that restricts the engagement in a lawful profession, business or trade, in violation of Business and Professions Code § 16600 et seq.;

8.    On all causes of action, for attorneys' fees and costs pursuant to Business and Professions Code § 16600.5, California Code of Civil Procedure § 1021.5, and any other applicable law; and

9.    For such other and further relief as the Court may deem just and proper.

**CLASS ACTION COMPLAINT**

Dated:   May 20, 2025                              **FALAKASSA LAW, P.C.**
                                                   **BOKHOUR LAW GROUP, P.C.**


                                    By: _____
                                        Joshua Falakassa, Esq.
                                        Mehrdad Bokhour, Esq.
                                        Attorneys for Plaintiff and the Putative Class

10

**CLASS ACTION COMPLAINT**

# EXHIBIT B

Received LCGR 2:17pm

OCT 6 2025

Accepted service at CNA
1st N. Franklin
Kush Bolin

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

BRICINE MITCHELL

PLAINTIFF (S)

VS.

CONTINENTAL CASUALTY INSURANCE, AN
ILLINOIS et al

DEFENDANT (S)

**Case Management Department 610**
**Case Management Order**

**NO.: CGC-25-625512**

**Order Continuing Case**
**Management Conference**

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Oct-22-2025 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on Dec-24-2025 in Department 610 at 10:30 am.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED: SEP-25-2025

ROCHELLE EAST
_____
JUDGE OF THE SUPERIOR COURT

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to
the above-entitled cause and that on SEP-25-2025 I served the attached Order Continuing Case Management Conference by
placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the
outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the
envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  SEP-25-2025                              By: TIFFANY WADA



MEHRDAD BOKHOUR (285256)
BOKHOUR LAW GROUP, P.C.
1901 AVENUE OF THE STARS
SUITE 450
LOS ANGELES, CA  90067


MEHRDAD BOKHOUR (285256)
BOKHOUR LAW GROUP, P.C.
1901 AVENUE OF THE STARS
SUITE 450
LOS ANGELES, CA  90067

CERTIFICATE OF SERVICE BY MAIL
Form 000001

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CONTINENTAL CASUALTY INSURANCE, an Illinois Corporation; and DOES 1-50. inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRICINE MITCHELL, on behalf of herself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Civic Center Courthouse

400 McAllister Street, San Francisco, California 94102

CASE NUMBER
*(Número del Caso)*
**CGC-25-625512**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mehrdad Bokhour, Esq. (SBN: 285256); 1901 Avenue of the Stars, Suite 920, LA, CA 90067; (310) 975-1493

DATE:
*(Fecha)* **05/20/2025**

Clerk, by
*(Secretario)* **SAHAR ENAYATI**
, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CONTINENTAL CASUALTY INSURANCE, an Illinois Corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mehrdad Bokhour, Esq. (SBN: 285256)<br>BOKHOUR LAW GROUP, P.C.<br>1901 Avenue of the Stars, Suite 920, LA, CA 90067<br>TELEPHONE NO.: (310) 975-1493   FAX NO.: (310) 675-0861<br>EMAIL ADDRESS: mehrdad@bokhourlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff Bricine Mitchell | ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,<br>County of San Francisco*<br>**05/20/2025**<br>**Clerk of the Court**<br>BY: SAHAR ENAYATI<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Bricine Mitchell v Continental Casualty Insurance

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-25-625512 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $35,000)   $35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE<br><br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[ ] Wrongful termination (36)<br>[x] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2.  This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [x] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [x] Substantial amount of documentary evidence
 d. [x] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4.  Number of causes of action *(specify)*: Two (2)
5.  This case [x] is  [ ] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 20, 2025

Mehrdad Bokhour, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Jud. Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
  or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner
  Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
 relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition