UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICINE MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY INSURANCE,<br><br>    Defendant. | Case No. 25-cv-09553-JSC<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE RE: DIVERSITY JURISDICTION** |

Plaintiff filed this putative class action against Defendant in state court and alleged violations of California Business & Professions Code §§ 16600, 16600.1, 16600.5, and 17200. (Dkt. No. 3 at 9-18.)[1] Plaintiff challenges Defendant's use of non-compete and/or non-solicitation clauses on the grounds they are void under California law. Defendant removed the case to this Court based on diversity jurisdiction, not the Class Action Fairness Act. (*Id.* at 1-7.) The parties agree Plaintiff is a California citizen and Defendant is an Illinois citizen. (*Id.* at 3, 11.) Because Plaintiff's complaint did not allege a specific amount in controversy, Defendant argues attorney's fees and the cost of compliance with the injunctive relief Plaintiff seeks will exceed $75,000.

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. The defendant seeking removal "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A federal court

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

also has an independent obligation to satisfy itself it has federal subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (cleaned up).

      Defendant first argues Plaintiff's attorney's fees will exceed $75,000. Attorney's fees can count toward the amount in controversy, but a removing defendant must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-95 (9th Cir. 2018). Furthermore, when calculating the amount in controversy in a putative class action, "the potential attorneys' fees should be attributed pro rata to each class member." *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1179-80 (9th Cir. 2025) (cleaned up; citing *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001) (explaining awarding fees "to a successful party" under Cal. Civ. P. Code § 1021.5 requires apportioning fees to all prevailing plaintiffs).

      California's Business & Professions Code § 16600.5(e)(2) provides "a prevailing employee, former employee, or prospective employee in an action based on a violation of [sections 16600 and 16600.1] shall be entitled to recover reasonable attorney's fees and costs." Cal. Bus. & Prof. Code § 16600.5(e)(2). Defendant asserts Plaintiff's attorney has recently collected fees at a $400 hourly rate, the median time from filing to civil trial in the Northern District of California is 47.9 months, and Plaintiff's counsel can be expected to spend at least the approximately four hours per month necessary to—given such an hourly rate and case duration—exceed $75,000 in attorney's fees. (Dkt. No. 3 at 5 (citing *Ramirez v. Merrill Gardens, LLC*, No. 1:22-CV-00542-SAB, 2024 WL 3011142, at *28 (E.D. Cal. June 11, 2024).) But, as section 16600.5 allows attorney's fees to any prevailing employee, and Plaintiff seeks to represent a class of at least 100 individuals, (Dkt. No. 3 at 14), Defendant must show more than $75,000 in

attorney's fees per class member. *See Rosenwald*, 152 F.4th at 1179-80. So, Defendant has not met its burden of establishing by a preponderance of the evidence Plaintiff's attorney's fees will exceed $75,000. *See Hass v. Flowers Bakeries Sales of Norcal, LLC*, No. 25-CV-06018-JSC, 2025 WL 3295328 (N.D. Cal. Nov. 26, 2025).

Defendant also argues the cost of compliance with the injunction Plaintiff seeks—"requiring Defendant to issue individualized notices to all current and former employees and to refrain from including noncompete or nonsolicitation provisions in all future agreements"—would exceed $75,000. (Dkt. No. 3 at 6.) The cost of complying with an injunction may count toward the amount in controversy requirement. *See In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). But Defendant has not provided any evidence supporting its assertion "identifying, reviewing, and contacting each potentially affected employee, preparing compliant notices, and distributing them" will cost more than $75,000. (Dkt. No. 3 at 6.) Further, it has not cited any caselaw that suggests in a removed putative class action the cost of complying with an injunction would not be treated the same as attorney's fees for amount in controversy purposes, that is, determined pro rata based on the number of class members.

So, the Notice of Removal does not satisfy Defendant's burden of showing the amount in controversy is satisfied. Accordingly, on or before **December 8, 2025**, Defendant is ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: December 1, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3